FILED

Jun 30  3 51 PM '04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CAROL SILVA, Individually; LARRY SILVA, Individually; and JEREMY SILVA, by and through his natural parents and plenary guardians CAROL SILVA and LARRY SILVA, | ) ) ) ) ) | CIVIL ACTION NUMBER: 3:02 CV 553 MRK |
| Plaintiffs | ) ) ) | |
| VS. | ) ) | |
| LEE ROBERTS; and WOODS SERVICES, INC. | ) ) | |
| Defendants. | ) | JUNE 30, 2004 |

### MOTION FOR EXTENSION OF TIME TO FILE SETTLEMENT PAPERS

Pursuant to Rule 6(b) and (e) of the Federal Rules of Civil Procedure, the Plaintiffs respectfully submit to this Court this motion for extension of time to file settlement papers. On or about March 26, 2004, the parties to this case reported the case settled. The parties indicated to the Court that additional time was needed in order to effectuate and finalize the terms of the settlement. Accordingly, the Court entered an order of dismissal for June 1, 2004, for closing documents to be filed. Thereafter the Plaintiffs submitted a Motion for Extension of Time to File Settlement Papers dated May 26, 2004, indicating that additional time was needed in order to effectuate the settlement. The Court granted that Motion in part and denied in part, permitting the Plaintiffs until July 1, 2004, to submit settlement documents. In the event that settlement

documents could not be submitted by that date, the Plaintiffs were to submit a new Motion for Extension of Time outlining what needed to be completed in order to effectuate settlement. The Plaintiffs hereby submit this Motion for Extension of Time to outline the progress which has been made and the steps which are necessary in order to complete the settlement of this case.

The settlement of this case requires coordination with the State of Connecticut, Office of the Attorney General. The State of Connecticut has a lien against the settlement proceeds in this case. The settlement of this case requires an agreement be reached with the State of Connecticut to compromise its lien rights. The lien rights of the State of Connecticut involve three separate State agencies and, therefore, Nyle Davey, Assistant Attorney General for the State of Connecticut, had to obtain the lien information from each of the State agencies and then present the Plaintiffs' compromise agreement to each of the agencies for their approval. The Plaintiffs have been verbally informed by Assistant Attorney General Nyle Davey that an agreement has been reached regarding the compromise of the outstanding liens. Plaintiffs' counsel is expecting a written agreement from the State of Connecticut on or about July 1, 2004.

In addition to resolving the liens of the State of Connecticut, the other work which must be performed as part of the settlement is obtaining Probate Court approval. Jeremy Silva is a severely mentally retarded individual who is subject to the jurisdiction of the Probate Court. In

2

order to effectuate this settlement, the following matters must be brought before the Probate Court and approved:

1. Application to Appoint Conservators of Jeremy's Estate.

2. Application to Compromise a Claim.

3. Application to create and fund the Jeremy Silva Irrevocable Supplemental Needs Trust.

The undersigned counsel hired Attorney Keith Gallant from the law firm of Cummings and Lockwood to represent Jeremy Silva in regard to the Probate matters. On June 4, 2004, Attorney Gallant submitted the Application for the Special Needs Trust and the Application to Appoint Conservators of Jeremy's Estate. Attorney Gallant could not submit these applications prior to that date because he was negotiating the terms of the special needs trust with the Attorney General's Office for the State of Connecticut. Subsequent to the aforementioned filings with the Probate Court, the undersigned counsel submitted an Application to Compromise a Claim on June 7, 2004. The undersigned counsel spoke with the Probate clerk on June 30, 2004, to verify receipt of all applications. The clerk verified that all applications have been received. However, the Probate Court is unable to schedule or act on the application for the appointment of conservators because the application did not include a current physician's statement regarding the

3

need for conservatorship. The undersigned counsel has contacted Attorney Gallant in an effort to determine the status of obtaining said physician's report, and counsel is currently awaiting a reply.

It is anticipated that the necessary physician's report will be obtained in approximately one week and that all Probate matters can be scheduled, heard and ruled upon by July 30, 2004. The scheduling time frame for these matters was verified with the clerk of the Probate Court handling the applications. Accordingly, on the basis of this information, the Plaintiffs respectfully request until Friday, August 6, 2004, to file the necessary settlement documents. This should provide ample time for the hearings to take place, as well as permit time for counsel in this case to exchange relevant settlement documents and file them with the Court.

4

Plaintiffs have contacted counsel for the defendants, who have no objection to the granting of the Motion.

PLAINTIFFS,

By _____
David W. Bush, Esq.
Brignole & Bush
73 Wadsworth Street
Hartford, Connecticut 06106
Tel.: (860) 527-9973
CT 09608

## ORDER

The foregoing motion having been heard, it is hereby GRANTED/DENIED.

BY THE COURT

_____
Clerk/Judge

5

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed June 30, 2004, postage prepaid to the following counsel and all pro se parties of record:

Scott M. Zimmerman, Esq.
HEIDELL, PITTONI, MURPHY & BACH, LLP
99 Park Avenue
New York, NY 10016-1601
(203) 327-1800

David W. Bush, Esq.

6